IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

DONATO and MARIE PISELLI,
Individually and as parents and
next friends of
CHRISTOPHER DONATO PISELLI,

      Plaintiffs,

V.

75TH STREET MEDICAL, P.A., ET AL.

      Defendants.

CIVIL CASE NO.
L-98-2416
(Grimm, J.)

---

**MEMORANDUM IN SUPPORT OF MOTION FOR COST AND REQUEST FOR *NUNC PRO TUNC* ISSUANCE OF JUDGMENT**

Comes now, Christopher Donato Piselli, by counsel, and for his Memorandum in Support of Motion for Cost and Request for *nunc pro tunc* entry of judgment states as follows:

**FACTS**

This Court is well aware that this case involved a complex medical malpractice case involving facts that date back to 1993 when Christopher Piselli was ten (10) years old and presented to the 75th Street Medical Center for evaluation. Three (3) days later Christopher was horrifically injured when his capital epiphysis on his leg slipped leading to a vascular necrosis of the hip joint. Christopher was admitted to

1

several hospitals and underwent many procedures and surgeries following his injury. As a result of the complex medical history of this case, the experts employed in this case were required to review a substantial amount of material involving very complex issues and requiring experts with substantial and experience in order to be able to offer opinions regarding the care provided.

Following a trial, judgment was entered by the Jury on or about August 7, 2000. Subsequently this court struck out the judgment as violative of the Statute of Limitations the case was appealed to the 4th Circuit Court, which certified the question to Maryland Court of Appeals, and the Maryland Court of Appeals issued an opinion striking out the Statute of Limitations. The 4th Circuit Court then entered an opinion indicating that the Jury's verdict should be reinstated. Subsequently a Motion to Remand was entered by the Defendants and granted by the 4th Circuit Court. This Motion was argued on March 5th and the Court denied all the post trial motions. Now pending before the Court is the issue of costs and expenses both at the 4th Circuit Court level since they were not granted there, and for the trial expenses as well. There also remains a question of when the judgment should begin to accrue interest and become effective.

## **ARGUMENT AND AUTHORITIES**

**1. Cost should be awarded in this case as separately documented in the Motion for Cost.**

With respect to the amount and character of costs, which are to be awarded "the Court has broad discretionary authority in allowing or disallowing trial costs." *Simmons v. O'Malley* 235 F. Supp.2d 442 (Md 2002*)*.  In O'Malley, the Court allowed deposition expenses including transcripts and videotaping costs which were requested in the case, but limited the expert witness fees to the witness appearance fees.  The Court did not discuss any basis or rationale for its decision but did allow in addition, substantial additional costs for travel expenses and the like.  In the recent case of *Fait v. Hummel,* __ F.Supp.2d __ , No. 01 C 2771(N.D. Ill. October 28, 2002), the Court addressed all the issues addressed in this case.  In that case, the Court indicated, "a prevailing party seeking reimbursement for fees paid to its own expert witness may not use Rule 54 (d) to exceed the $40 per day witness fee limitation.  However, expert fees in excess of the $40 per day limit are recoverable pursuant to Federal Rule of Civil Procedure 26(b) (4) (C) (i)." *Fait v. Hummel* at 4.  In that case, the Court went on to award time for depositions and time for the expert services.  In this case, given the nature of the proceedings, the case could not have been prosecuted absent the hiring of and use of the experts in this case.  Therefore, it would seem that these costs should be within the Court's discretion to award, and under the circumstances of this case given that the Plaintiff was a child, this Court should award him the cost and expenses in pursuing this matter.

**2.  The Entry of Judgment in this matter should be made effective as of August 7, 2000.**

In regard to when the Judgment should be entered, Plaintiff believes that the words of the 4th Circuit Court are quite instructive in this regard.  The 4th Circuit Court stated that "In light of the Maryland Court of Appeals instructions, we conclude the claims of Christopher's parents brought on his behalf were not time barred and reinstate the Jury's verdict for Christopher in the amount of $410,000."
*See* 4th Circuit Court opinion, page 5.  In the case of *Med Mutual Liability v. Davis* 365 Md 477, 781 A.2d. 781 (2001). The Court took up the exact issues here involved and made clear that "post-judgment motions or appeals, which may cause a money judgment for a Plaintiff to lose some aspects of its finality, ordinarily do not have the affect of postponing the accrual of post-judgment interest from the date that the original money judgment was entered." *Id* page 486.  In this circumstance,  as is discussed in the Davis case, the Plaintiffs should not be denied their advantage of the post-judgment interest being dated as of the date of the Jury's original verdict.  The Davis case discusses these issues and cites to both Federal and State law for this proposition.

4

WHEREFORE, Plaintiff Christopher Piselli, would request this Court to enter Judgment for him effective August 7, 2000 and with Post-Judgment interest running from that date forward. In addition, Plaintiff would request the Court to grant him his costs and expenses as detailed in the separate Motion for Cost.

                                                  _____
Richard S. Phillips, Esq.
Walsh & Phillips, P.A.
22 West Dover Street
P.O. Box 240
Easton, Maryland 21601
(410) 820-4455

## CERTIFICATE OF SERVICE

I certify that on this 13th day of March 2003, a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR COST AND REQUEST FOR *NUNC PRO TUNC* ISSUANCE OF JUDGMENT, was sent via postage paid 1st class mail to:

Kurt D. Karsten, Esq.
Curtis H. Booth, Esq.
Cowdrey, Thompson & Karsten, P.A.
621 Ridgely Avenue
Annapolis, MD  21401

                                                  _____
Richard S. Phillips, Esq.