## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DONATO and MARIE PISELLI, individually          :
and as parents and next friends of
CHRISTOPHER DONATO PISELLI, a minor             :

        Plaintiffs          :

        vs.          :          Case No. L-98-2416
                             (Grimm, J.)

75th STREET MEDICAL, P.A., et. al.          :

        Defendants          :

:    :    :    :    :    :    :    :    :    :    :    :    :    :

## 75th STREET MEDICAL CENTER'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR COSTS AND REQUEST FOR
## NUNC PRO TUNC ISSUANCE OF JUDGMENT

75TH Street Medical Center, by its attorneys Kurt D. Karsten, Curtis H. Booth and Cowdrey, Thompson & Karsten, A Professional Corporation files the following Opposition to Plaintiff's Motion for Costs and Request for Issuance of Judgment Nunc Pro Tunc and states:

### Facts

Plaintiff's filed their medical malpractice claims in July, 1998 concerning care rendered by Lynn Yarborough, M.D., in August, 1993 while she was an employee of 75th Street Medical Center, P.A., an urgent care clinic in Ocean City, Maryland. The case came to trial in August, 2000, both on issues regarding standard of care and causation and the date the statute of limitations began to run as against the Plaintiffs. After a four day trial, the jury returned a

Special Jury Verdict on Issues in favor of the physician who took care of Christopher Piselli on that single visit, Lynn Yarborough, M.D., but against 75th Street Medical Center, P.A., the urgent care clinic itself. However, the jury also returned a verdict in favor of 75th Street Medical Center on the statute of limitations issues that were argued to the jury at the same time, namely that Mr. & Mrs. Piselli became aware of their son's cause of action prior to July, 1995 and thus this Court entered Judgment that the claims were time barred under the statute of limitations as it applied to minors.

The Plaintiffs, however, argued strenuously to the trial court that it was not the parent's knowledge but rather the child's knowledge at issue and Plaintiffs requested, with the consent of the Defendants, that the jury make an independent finding of when the minor Plaintiff learned of his cause of action (a matter which was never in dispute). Based on the jury's verdict, the Court entered judgment in favor of both defendants on August 9, 2000. Plaintiffs' post-trial motion to alter or amend judgment was denied, and Plaintiffs took immediate appeal arguing that the statute of limitations was not properly interpreted, or in the alternative, that the statute was unconstitutional as applied. As its only alternative at that time, 75th Street Medical Center took a Cross-Appeal as to the sufficiency of the evidence on both standard of care and causation to support the jury verdict in the event that the District Court's judgment in favor of the Defendants should be reversed.

The United States Court of Appeals for the Fourth Circuit, after briefing and argument, certified a question regarding the interpretation of the statute of limitations to the Maryland Court of Appeals. After further briefing and argument, the Maryland Court of Appeals, on October 8, 2002, issued an opinion reformulating the certified question and holding that the Maryland statute of limitations, as it applied to minors, was unconstitutional. Based upon that

answer to the certified question, the Fourth Circuit Court of Appeals reversed the entry of judgment on the jury verdict in favor of 75th Street Medical Center by the District Court of Maryland and entered judgment against 75th Street Medical Center, for the first time in this action, in its opinion dated November 18, 2002. The Fourth Circuit, in its mandate, declined to enter judgment Nunc Pro Tunc as to the day of the jury verdict and also declined to set any other day for the calculation of post judgment interest.

Because the Fourth Circuit failed to address, in any way, either at argument, in their certification to the Maryland Court of Appeals, or in their opinion dated November 18, 2002, the issues as to the sufficiency of the evidence raised by 75th Street Medical Center on the Cross-Appeal,  this Defendant filed a petition for reconsideration and/or for remand for consideration of those issues.  That motion was granted by the Fourth Circuit on December 13, 2002 and the case was remanded to the District Court for consideration of those issues and for consideration of Plaintiff's bill of Appellate costs.  After briefing and argument, the District Court of Maryland denied 75th Street Medical Center's Rule 50 request for Judgment and also denied this Defendants Rule 59 request for a new trial on March 5, 2003 and entered Judgment against 75th Street Medical Center, for the first time in the Trial Court, in favor of Christopher Piselli.

## ARGUMENT

Plaintiff's Motion seeks to do two things.  First, Plaintiff requests that as the prevailing party in this litigation, he requests that this Court exercise its discretion to award, in their entirety, the costs of the litigation including money spent for obtaining and producing expert testimony as well as discovering the opponent's expert testimony in a pre-trial phase as well as money spent for producing expert testimony at trial and the costs of appeal.  Second, although judgment was entered in the Trial Court against this Defendant for the first time on March 5,

2003 and although the United States Court of Appeals declined to make the entry of judgment

retroactive to August, 2000 in its mandate[1], Plaintiffs seek to have this District Court reinstate

the verdict, Nunc Pro Tunc, to August, 2000 in order to affect a different calculation of interest

on the judgment.  For the reasons stated herein, this Defendant opposes both motions.

## THE BILL OF COSTS

Plaintiffs, citing the case of Simmons v. O'Malley,, 235 F. Supp. 2d 442 (Md 2002), and

Fait v. Hummel, ___ F.Supp. 2d __, No. 01 c 2771 (N.D. Ill.. October 28, 2002), assert that they

are entitled to an award of their entire litigation costs in this matter on the theory that they were

the "prevailing party".  This Court's authority to grant such a motion rests in Rule 54(d) which

authority is broadly discretionary.  Most of Plaintiff's requested costs are expert witness fees

which would be subject to the $40 per day rule.  Traditionally, Rule 54(d) authority has been

gingerly exercised in the American court system due to the general acceptance of the "American

Rule" regarding costs which has resulted in both parties traditionally bearing the costs of the

litigation themselves.  The logic behind the American Rule is based on the idea that making each

side liable for its own costs encourages the amicable resolution of cases by encouraging both

sides to consider the potentially adverse outcome of litigation. Except in cases where a statutory

provision granting costs, as a matter of right, to the prevailing party are involved, this Court as

---

[1]    The earliest possible date for the entry of Judgment in this case as against the
Defendant, per the federal rules, is November 18, 2002, which is the date of the Opinion issued
by the U. S. Court of Appeals for the Fourth Circuit in which they specifically enter judgment
against the Defendant as of that date.  That Opinion was revised pursuant to the grant of the
Petition for Reconsideration or Remand and the Mandate that was issued remanded the case back
to the District Court for further proceedings, after which Judgment was entered in the Trial Court
on March 5, 2003.  Prior to November 18, 2002, however, Judgment had never been entered
against this Defendant by any court regarding this case.

well as other Courts through out this Country have been traditionally strongly dis-inclined to award costs to the prevailing party absent some unique circumstance.

A review of the circumstances in this case reveals that not only would such an award be counter to the American Rule, but it would be unjust to this Defendant. Plaintiffs have produced no argument that there are any specific unique circumstances about the facts of this case which would entitled them to an award of costs. There has been no record of inappropriate conduct or bad faith on the part of this Defendant. Further, Plaintiffs cannot point to any unreasonableness on the part of this Defendant with regard to amicable resolution of this case either prior to trial or on appeal.

Plaintiffs assert that they are entitled to various costs set forth in their Motion on the basis of being the "prevailing party" in litigation . The vast majority of the costs asserted in the Motion, however, were incurred in Plaintiffs' efforts to prove a case of medical malpractice against Lynn Yarborough, M.D. This includes both the costs asserted for the discovery of expert testimony and opinions as well as the production of expert testimony at trial. Easily 80% or more of these costs were incurred in Plaintiff's effort to produce a malpractice against Lynn Yarborough, M.D. Nevertheless, the jury returned a verdict in favor of Dr Yarborough. As well, while the jury returned a verdict against the urgent care clinic, 75th Street Medical Center, P.A., on the issue of standard of care and causation, the jury returned a verdict in favor of the Defendants on the statute of limitation question that was argued to them, namely when Mr. & Mrs. Piselli "discovered" their cause of action. Because of that fact, this Court, when it entered judgment on the jury verdict for the first time, entered that judgment in favor of that Defendant, including 75th Street Medical Center, P.A. Not until the Maryland Court of Appeals determined

that the statute of limitations was unconstitutional as it applied to minors, did the jury's finding of fact as to Christopher Piselli's discovery of his cause of action take on any legal significance.

In the context, it would be unjust for this Court to exercise its discretion with regard to the awarding of costs toward all of the costs asserted by Plaintiffs against this Defendant, 75th Street Medical Center, P.A.  Obviously, 75th Street Medical Center incurred substantial costs in defending this lawsuit on its own, both during discovery and trial portions of the case as well as on appeal.  Plaintiff's clear focus during the pretrial and litigation phases of this case was directed toward Lynn Yarborough, M.D., the Defendant in whose favor the jury found on the issues of standard of care.  In that context, and given the "thinness" of the case asserted against the urgent care clinic itself, it was not at all unreasonable for this Defendant to exercise its right to have the case tried by a jury. Once the jury verdict was rendered, judgment was immediately entered by this Court in favor of the Defendant.  As a result, until November 18, 2002, there was never any conceivable legal obligation of any sort against this Defendant to pay any monies whatsoever to the Plaintiff.   Once that judgment did exist, the overwhelming majority of the costs asserted by Plaintiffs in their motion had already been incurred.  Nevertheless, as of that time, it did not appear that any Court had carefully entertained the motions for a new trial and motion for judgment notwithstanding the verdict on the issues of causation asserted by this Defendant, and asserting those issues for review seemed an appropriate step to take. The Fourth Circuit apparently agreed, given its decision to remand the case for consideration of those issues.

In light of all of the above, this Defendant would respectfully request that the motion for costs be denied in its entirety.  In the alternative, this Defendant would request that only those costs incurred by the Plaintiffs specifically for the purposes of obtaining their judgment against 75th Street Medical Center be granted and to the extent that those costs involved proving their

case against Lynn Yarborough, M.D., they be either disallowed or reduced substantially. [2]

Finally, this Defendant objects to specific costs requested, as set forth below, in the order

requested in Plaintiff's motion:

<u>**Specific Objections**</u>

1) Fourth Circuit Expenses

      A) Transcripts $2,340.00           No objection.

      B) Briefs      $2,268.90      Objection to all except the $105.00 docketing fee as being printed and collated in house, on the basis that these were not costs actually incurred, as per <u>Simmons v. O'Malley</u>.

2) Deposition Costs

      A) Discovery     $1,226.38      No objection other than as raised in the opposition above.

      B) Use at Trial $1,653.20     No objection other than as raised in the opposition above.

3) Expert Witness Costs

      A) Discovery     $4,248.38      Object to all except $40 for Dr. Muncie (one day). This Defendant already paid for the time spent in discovery deposition for Dr. Docimo, Dr. Murphey and Dr.Sponsellor, either by direct payment to witnesses or by reimbursement of Mr. Phillips (These checks can be produced upon request.) The time spent by experts reviewing materials and preparing for deposition is not reimbursable. <u>Simmons</u>. Dr. Masctuch was not an expert called at trial.

      B) Trial Testimony  $5,250.00     Object to all except $40 each for the four experts for a total of $160.00. <u>Simmons</u>. The time spent by experts reviewing

|  |  | materials and preparing for trial is not reimbursable. |
|---|---|---|
| 4) Trial Exhibits | $155.28 | Objection as not be necessary but rather for the convenience of counsel.  <u>Simmons</u>. |
| 5) Filing Fees | $150.00 | No Objection. |
| Total Claimed: | $17,292.14 | Object to all but $5,674.58 as set forth specifically above, while still reserving the general objections raised in the text of the Opposition. |

As set forth above, in the event the court does not entirely disallow or reduce pro-rata costs for the reasons set forth above, because the copying and collation expenses were not really "costs" but were done "in-house", they should be disallowed.  The expert witness fees should be disallowed, in their entirety, except for $40 for Dr. Muncie (discovery) and $40 each for Dr. Docimo, Dr. Murphey, Dr. Schlesinger and Dr. Sponsellor (trial).  The expenses for trial exhibits should be disallowed. <u>Simmons.</u>

## **ENTRY OF JUDGMENT NUNC PRO TUNC**

Plaintiffs also request that judgment be entered in this case Nunc Pro Tunc as of August 7, 2000, without citing any specific federal authority for this proposition as it applies to the facts in this case.  In support of this request, Plaintiffs argue in places that "the jury entered judgment" as of that date or that the Court of Appeals "reinstated" the jury verdict.  Entry of judgment in both Federal and State Court is a trial court function except to the extent that it is modified on appeal.  Rule 58.  In this case, after the jury returned its mixed verdict, the trial court entered judgment in favor of the Defendants on that jury verdict on August 9, 2000.  Judgment was never entered, for any purposes, against this Defendant until the Fourth Circuit Court of Appeals opinion dated November 18, 2002 in which the Court of Appeals Ordered that judgment be

entered against 75th Street Medical Center based upon its opinion. That is arguably the earliest date judgment was entered against 75th Street Medical Center.

Even that judgment, however, was not enforceable until the mandate had issued and the Trial Court had entered Judgment based upon the Mandate. As a result of the petition for reconsideration of the issues raised in the cross-appeal filed by 75th Street Medical Center, the Fourth Circuit modified its opinion dated November 18, 2002 and remanded the case to the District Court specifically for the purposes of considering the issues raised in that petition. Therefore, judgment in this matter was not technically entered against 75th Street Medical Center and in favor of the Plaintiff, Christopher Piselli, until March 5, 2003. For purposes of calculation of interest, pursuant to Federal Rule 37, the entry of judgment should be March 5, 2003.

Given that the trial court immediately entered judgment on the jury verdict in favor of the Defendants in this case, only the United States Court of Appeals for the Fourth Circuit had the authority to award interest dating back to the date of the jury verdict in August, 2000. Federal Rule of Appellate Procedure 37. See also Briggs v. Pennsylvania R. Co., 334 U.S. 304 (1948). Had the Court of Appeals chosen to exercise this discretion, they would have set forth a date from which interest should run in the mandate that was different from the date set forth in the opinion as to the entry of Judgment (November 18, 2002). Despite the issue of calculation of interest being raised by the Plaintiffs with the Fourth Circuit, the Fourth Circuit elected not to specify in the mandate that interest should run from any date other than any date of entry of judgment against 75th Street Medical Center. Having raised the issue unsuccessfully to the Fourth Circuit in his Opposition to the Motion to Stay Enforcement, Plaintiff elected not to seek recall of the Mandate to further address this issue with the Fourth Circuit. Pursuant to F.R.A.P. 37, and the Briggs Rule, calculation of Interest on the Judgment is determined from the date of

Entry of Judgment which was November 18, 2002 by the Fourth Circuit and March 5, 2003 by the District Court.

Even if this Court were to determine somehow that it had the discretion to enter judgment against this Defendant for a date earlier than actually occurred, it should decline to do so, as the Fourth Circuit did.  Cases involving an award of interest based on entry of a judgment Nunc Pro Tunc, uniformly involve circumstances where the trial court has actually entered judgment against the Defendant and that judgment has been taken away by a later decision, either by that trial court or by appellant court, only to be later reinstated.  Such is not the case here. At no time, until March 5, 2003, when the trial court actually entered judgment against 75th Street Medical Center after denying the post trial motions, was there a judgment that was actually payable by or on behalf of this Defendant.  Payment of any monies by or on behalf of this Defendant prior to that time, other than in the context of a negotiated settlement with the Plaintiff, would have been deemed a gift and would not have "counted" toward satisfaction either partial or in whole, of the judgment that was entered March 5, 2003, due to the fact that prior to that date, no judgment against this Defendant existed in any form.  After the trial court entered judgment in favor of the Defendants, based upon the jury verdict, the Plaintiffs exercised their right to take an appeal.  As a result of that appellant process, the Plaintiff was able to obtain a judgment, once the post trial issues remanded to the District Court were resolved and the date of that judgment was March 5, 2003.  To effectively award interest back to the date of the jury verdict by revising the date of that judgment, would be to effectively punish[3] this Defendant for failing to pay an obligation

---

[3]        Indeed, plaintiff does not mention it, (although he did bring it to the attention of the Fourth Circuit prior to the mandate being issued) that issuing the judgment nunc pro tunc back to August 2000 may have a "double whammy" effect, in that the rates used to calculate

which it never had until March 5, 2003.

## <u>CONCLUSION</u>

THEREFORE, for all the reasons stated above, 75th Street Medical Center respectfully requests that the bill of costs be denied as set forth above and further requests that the request for entry of judgment Nunc Pro Tunc be denied.

---

Kurt D. Karsten, Esquire
Curtis H. Booth, Esquire
COWDREY, THOMPSON & KARSTEN
A Professional Corporation
621 Ridgely Avenue, Suite 402
Annapolis, Maryland 21401
(410) 841-1938

Attorneys for Appellee, 75th Street Medical, P.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of March, 2003, a copy of the 75th Street Medical Center's Opposition to Plaintiff's Motion for Costs and Request for Nunc Pro Tunc Issuance of Judgment in this matter was served, via first class mail, postage pre-paid to: Richard Phillips, Walsh & Phillips, P.A., 22 West Dover Street, P.O. Box 240, Easton, Maryland 21601.

---

Kurt D. Karsten, Esquire

---

interest on judgment dropped substantially beginning in the fall of 2000 shortly after this trial was heard.  Plaintiffs, by seeking this relief, hope to get not only 2 ½ years of interest, but they hope to get that interest at a rate which is clearly excessive by today's standards.

E:\PRINCPDG\PISELLI\Opposition.wpd