IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PISELLI, et al.                    :

                                        CIVIL ACTION NO. L-98-2416
   v.                   :   (Magistrate Judge Paul W. Grimm)

75th STREET MEDICAL, P.A.;
 et al.

**MEMORANDUM AND ORDER**

    Currently pending before the Court is Plaintiffs' motion for costs and request for the issuance of a judgment *nunc pro tunc.* (Paper No. 71). The motion has been fully briefed, and a hearing is unnecessary. Local Rule 105.6.

    In addition to seeking costs in the amount of $17,292.14, Plaintiffs request that I order that August 7, 2000, the date the jury returned a verdict in their favor, is the date of the entry of judgment. Having the court enter that date of judgment, Plaintiffs assert, will trigger the running of post-judgment interest. Although Defendants agree that an entry of judgment will begin the running of post-judgment interest, Defendants state that the date from which such interest should accrue is March 5, 2003, three years after the jury verdict and the date on which I denied Defendants' post-trial motions for judgment and a new trial. As will be seen, I do not have jurisdiction to determine the date from which post-judgment

1

interest accrues. I can, however, rule on the propriety of Plaintiffs' motion for costs. Accordingly, Plaintiffs' motion will be granted in part and denied in part.

A brief summary of the procedural history of this case is necessary to resolve this motion. On August 7, 2000, a jury returned a verdict in favor of the Plaintiffs. This verdict was subsequently vacated and judgment entered on behalf of the Defendants on August 11, 2000, after I concluded that Plaintiffs' claims were time-barred. An appeal was taken to the Court of Appeals of the Fourth Circuit, which certified a question to the Court of Appeals of Maryland concerning the interpretation of Md. Ann. Code § 5-109 of the Courts and Judicial Proceedings Article
that codifies the statute of limitations concerning a minor's claim for injury.

On October 8, 2002, the Court of Appeals of Maryland answered the certified question, holding that, in an action under § 5-109(a) brought by or on behalf of a claimant who was a minor at the time the injury occurred, the time limitations prescribed in § 5-109(a) commence when the claimant reaches age eighteen. In light of this decision, the Court of Appeals for the Fourth Circuit issued an unpublished opinion on November 18, 2002, which reinstated the jury verdict and remanded this case

2

so that the "court may consider appellants' motion for costs and fees." The docket entry for the Court of Appeals for the Fourth Circuit reflects that both an "unpublished per curiam opinion" and a "judgment order" were filed on November 18, 2002.

Thereafter, the "general docket" for the Fourth Circuit Court of Appeals reflects additional docket entries related to this case.  On December 3, 2002, the Fourth Circuit made another docket entry stating that an order was filed "amending opinion."[1] The next four docket entries show briefing of a motion to stay pending appeal and Defendants' objection to a previous bill of costs filed by Plaintiffs.  A "court order" filed on December 13, 2002, reflected the "mooting [of] motion for rehearing, terminating [of] motion for stay pending appeal [and] granting [of] motion to remand case to the U.S. District Court."  A motion for reconsideration then was filed by appellants, and the court issued an order on January 9, 2003, denying that motion. The final docket entry states: "1/9/03 . . . Mandate issued."

28 U.S.C. § 1961 requires that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court [and] shall be calculated from the date of the entry of

---

[1] The Fourth Circuit amended its November 18, 2002, order to reflect its direction to the district court to consider Defendants' claim as to the sufficiency of the evidence to support the jury verdict.  (Paper No. 63).

the judgment." Although simple in direction, the application of this statute can be difficult where, as here, a case is appealed and the appellate result alters the lawsuit's outcome in the lower court. Consequently, Fed. R. of App. Proc. 37 provides the starting point for determining when post-judgment interest begins to accrue in cases where an appellate court reinstates a jury verdict. It states:

> (b) **When the Court Reverses**. If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

A mandate is a "certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." Fed. R. of App. Proc. 41(a).

Typically, when an appellate court reverses a motion for judgment in favor of the defendant, which in essence is what happened here, and directs entry of judgment on the original jury verdict for the plaintiff, interest will be allowed from the time of the verdict. *See, e.g.*, *Maxey v. Freightliner Corp.*, 727 F.2d 350, 351 (5th Cir. 1984); *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 753-757 (9th Cir. 1983). The mandate issued by the appellate court however, must explicitly specify instructions regarding the allowance of interest and that such interest is to run from the date of the entry of the verdict. *Briggs v. Pennsylvania R. Co.*,

334 U.S. 304 (1948). In the absence of such instruction, a district court is powerless to make such a determination. *Id.*; *Canal Ins. Co. v. First General Ins. Co.*, 901 F.2d 45, 47 (5th Cir. 1990)(absent modification of a mandate reversing and directing entry of a money judgment without instructions as to interest, "the district court on remand is *without power* to award [such] interest"); *Reeves v. International Tel. & Tel. Corp.*, 705 F.2d 750, 751 (5th Cir. 1983)(Because mandate was silent, district court properly denied request for interest as it was without jurisdiction to do so; plaintiff, however, was entitled to seek revision of mandate); *Roboserve Inc. v. Kato Kagaku Co.*, 942 F. Supp. 1199, 1201 (D. Ill. 1996)(Citing *Briggs* and seventh circuit law, trial court stated it could not award interest absent instructions from the appellate court.).

In the instant case, the mandate issued by the Fourth Circuit is silent regarding when interest should begin to run. Accordingly, at this juncture, I am unable to award post-judgment interest from the date of reinstated jury verdict, August 7, 2000.[2]

---

[2] The mandate, which was dated January 9, 2003, included a certified copy of the Fourth Circuit's November 18, 2002, judgment. Although the November 18, 2002, judgment is not effective until the issuance of the mandate, I still conclude that the November 18, 2002, date governs–as the entry of the appellate court judgment--not the January 9, 2003, date. *See*,

The Plaintiffs, however, may be able to request that the appellate court recall its mandate. As discussed in 16 A Charles Alan Wright et al.'s, *Federal Practice and Procedure* § 3983 (3d ed. 1999):

> If the mandate of the court of appeals says nothing about interest, despite the command of Rule 37, it will be assumed that interest commences from the date of entry of the appellate court judgment. But if a party feels that it is entitled to interest from some earlier date, the Advisory Committee Note to Rule 37 indicates that it "should be entitled to seek recall of the mandate for determination of the question."

*See also Dunn v. HOVIC,* 13 F.3d 58, 60 (3d Cir. 1993) ("Because we failed to place instructions for the allowance of interest in our mandate, as required by 37, we will recall the mandate to correct that omission."); *Masinter v. Tenneco Oil Co.,* 934 F.2d 67, 68 n.1 (5th Cir. 1991).

In *Reaves v. Ole Man River* Towing, Inc., 761 F.2d 1111 (5th Cir. 1985), for example, the appellate court's mandate was silent regarding post judgment interest, and the district court ruled that it could award interest only from the period after the post-remand appellate decision. The appellate court, however, stated that it would recall the mandate to permit interest from the

---

e.g., *DeLong Equip. Co. v. Washington Mills Electro.*, 997 F.2d 1340, 1340 (11th Cir. 1993)("the default rule when an appellate court reinstates a vacated judgment is that interest accrues from the date of judgment on remand").

entry of the original district court judgment. It reasoned that the plaintiff had "diligently sought correction of the oversight, promptly (although mistakenly) requesting the district court to amend its post-remand judgment to allow additional interest." *Id.* at 1113. This avenue may be open to the Plaintiffs. *See also Reeves*, 705 F.2d at 752 (holding that mandate was deficient for not addressing issue of interest and amending mandate to award interest running from date of district court judgment five years earlier); *City of Detroit v. Grinnell Corp.*, 575 F.2d 1009, 1010 (2d Cir. 1978) (reforming mandate seven months after issuance so as to permit the allowance of post-judgment interest).

As to the issue of costs in this case, the Local Rules of this Court provide the necessary guidance. Local Rule 109.1.a. states that a bill of costs shall be filed within fourteen days of the entry of judgment **or** the entry of an order denying a motion, filed under Fed. R. Civ. P. 50(b), 52(b) or 59. On March 5, 2003, I held a hearing on Defendants' motions for judgment and a new trial. These motions were denied, and my oral order is reflected as a docket entry in this case.³ On March 13,

---

³ There are actually two entries on the docket sheet reflecting my Order denying Defendants' motions for new trial and for judgment. One entry, dated March 5, states "Oral Order (Grimm, U.S. Mag. Judge) "DENYING" Motion of the Defendant for Judgment as a matter of law and for new trial." Another entry, dated April 7, 2003, states "ORDER denying [66] Motion for Judgment, denying [66] Motion for New Trial for reasons

2003, Plaintiffs filed their motion for costs. Thus, their motion for costs was timely, and I direct the Clerk of the Court to address this issue, as is required by Local Rule 109.

Accordingly, Plaintiffs' motion for costs and the issuance of a judgment nunc pro tunc is granted in part and denied in part.

/s/

Date: April 30, 2003  _____
Paul W. Grimm
United States Magistrate Judge

---

stated in open court on March 5, 2003. Signed by Judge Paul W. Grimm on 04/07/03." Clearly, if the court accepts the March 5, 2003, entry as the entry of an order denying the motion, Plaintiffs' motion for costs is timely. If the court accepts April 7, 2003, as the entry for the entry of an order denying the motion, then Plaintiffs only are guilty of acute prescience.