```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
```

PISELLI, *et al*                  :
                                  :
   v.                             :  CIVIL ACTION NO. PWG-98-2416
                                  :
75TH STREET MEDICAL, P.A., *et al* :
                     ..oOo..

## O R D E R

On August 7, 2000, a jury returned a verdict in favor of Plaintiff. On August 11, 2000, this verdict was vacated and judgment entered in favor of Defendants as the Court concluded that Plaintiffs were time-barred from bringing their claim. (Paper No. 50). An appeal was noted. (Paper No. 54). The Fourth Circuit Court of Appeals certified a question to the Maryland Court of Appeals concerning the interpretation of the Maryland statute of limitations as it applied to a minor's claim for injuries.

On October 8, 2002, the Maryland Court of Appeals answered the certified question. In light of the decision of the Maryland Court of Appeals, the Fourth Circuit issued an opinion on November 18, 2002 which reinstated the jury verdict and remanded this case so that the "court may consider appellants' motion for costs and fees." The Fourth Circuit's mandate did not issue until January 8, 2003. (Paper No. 64).

On March 5, 2003, Defendants' post trial motions were denied. On March 13, 2003, Plaintiff filed a timely Bill of

Costs in the amount of $17,292.14.  (Paper No. 70.)  The taxation request has been opposed. (Paper No. 72).

The matter is now ready for my consideration. The undersigned Clerk shall deny the request in its entirety for the failure to comply with federal statutory and local rule requirements.

Under 28 U.S.C. § 1924, before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.  In addition, Local Rule 109.1.b. likewise requires that the bill of costs be supported by affidavit, and that it additionally be accompanied by a memorandum setting forth the grounds and authorities supporting the request.[1]

What Plaintiff has presented to this Court is a five page summary of his expenses. While there is a memorandum accompanying the request there is neither an affidavit nor any itemized invoices or vouchers authenticating the items.  Further, the Plaintiff has not filed an amended Bill of Costs in an attempt to cure the aforementioned deficiencies.  Therefore, the undersigned has no alternative but to the deny the cost request.  See Wahl v.

---

[1]  The local rule also requires that any vouchers or bills supporting the cost being requested shall be attached as exhibits.

<u>Carrier Mfg. Co.</u>, 511 F.2d 209, 215-16 (7th Cir. 1975).

In accordance with the foregoing opinion, all costs are hereby disallowed.

Dated this  17th   day of October, 2003.


_____/s/_____

Frances E. Kessler, Deputy Clerk

for:   Felicia C. Cannon, Clerk